887 F.2d 1082
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Lane MONTGOMERY, Defendant-Appellant.
 No. 88-5167.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 4, 1989.
Decided: Sept. 27, 1989.
 
 Michael R. Nash, for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gregory Lane Montgomery appeals his conviction of knowingly mailing obscene matter in violation of 18 U.S.C.A. Sec. 1461 (West 1984). We affirm.
 
 
 2
 In February 1988, while routinely inspecting international mails at John F. Kennedy International Airport, a United States Customs Agent opened and inspected envelopes containing magazines depicting bestiality. The magazines had been airmailed from Denmark and were addressed to Greg L. Montgomery, 320 E. Meadow Rd., Eden, N.C. 27288 U.S.A. The agent forwarded the two magazines to customs agents in North Carolina, who sought and secured a search warrant for Montgomery's residence in anticipation of a controlled delivery. During a subsequent search of the residence, the authorities uncovered the two named magazines, their shipping wrappers, two money orders, an order form, receipts, catalogs and a ledger all related to the magazines. Montgomery also voluntarily turned over additional pornographic magazines, shipping wrappers and seizure notification documents from the United States Customs Service.
 
 
 3
 Following a jury trial, Montgomery was convicted. He contends that the information in the affidavit supporting the issuance of the search warrant failed to establish probable cause that he intended to or did use the mails to receive obscene matter. Montgomery also asserts that the district court improperly commented on the evidence in the presence of the jury. Finally, Montgomery argues that the district court erroneously denied his motion for acquittal under Federal Rule of Criminal Procedure 29.
 
 
 4
 The affidavit upon which the search warrant was issued sufficiently set forth facts demonstrating that the items to be seized were connected with criminal activity. See United States v. Goodwin, 854 F.2d 33 (4th Cir.1988). Additionally, the warrant particularly described the items to be seized and the place to be searched. Since the warrant was not directed for the arrest of Montgomery, it was not necessary that probable cause be established connecting Montgomery to the alleged criminal activity.
 
 
 5
 Montgomery's remaining allegations are likewise without merit. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be aided by oral argument. Fed.R.App.P. 34(a); Loc.R. 34(a).
 
 
 6
 AFFIRMED.